IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE THOMPSON, individually, | : | |
| and on behalf of her minor child, B.T., | : | No. 1:13-cv-02301 |
| Plaintiffs | : | |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA STATE POLICE, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Michelle Thompson's motion for leave to file an amended complaint in order to identify by name the defendants identified as John and Jane Does in her original complaint, and clarify the allegations and causes of action asserted. (Doc. No. 14 ¶¶ 10-11.) Defendants oppose Plaintiff's motion. For the reasons that follow, the Court will deny Plaintiff's motion to file an amended complaint without prejudice.

**I.    BACKGROUND**

On September 3, 2013, Plaintiff Michelle Thompson, individually and on behalf of her minor child B.T., filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, alleging a number of claims against the Commonwealth of Pennsylvania State Police ("PSP"), the Pennsylvania State Police Special Emergency Response Team ("SERT"), Trooper Justin Long, and "John and Jane Doe" SERT and PSP troopers. (See Doc. No. 1.) The complaint was removed to this Court on September 5, 2013, because the matter raises a federal question under 42 U.S.C. § 1983. (See Doc. 1-1.)

Plaintiff's complaint was filed in response to the events of May 31, 2012, wherein Defendants attempted to arrest Plaintiff's estranged husband, Gerald Thompson, at the residence

Plaintiff shared with her child, B.T.  (Id. ¶¶ 20-21.)  Plaintiff asserts that although Mr. Thompson was not present at the home, "Defendants subsequently destroyed the home looking for 'Jerry' despite the fact that they knew, or should have known, that he was not at the home."  (Id. ¶ 20.) Plaintiff's original complaint sets forth the following counts against all unnamed Defendants, individually and acting in concert: (1) negligent use of a motor vehicle to cause property damage, (2) assault and battery, (3) false arrest/abuse of process, (4) invasion of privacy/casting in a false light, (5) civil rights violations under the Constitution of the Commonwealth of Pennsylvania, and, (6) federal civil rights violations.  (See id. ¶¶ 65-87.)  Plaintiff noted in the complaint that she "repeatedly attempted to obtain pre-complaint discovery of the names of the John and Jane Does," but that "Defendant refused to provide them and instead filed a Rule to compel Plaintiff to file her complaint."  (Id. ¶ 6 n.1.)

In her motion to file an amended complaint, Plaintiff states that she "now knows the identities of those responsible for violating the civil rights of her and her son," and thus seeks to name them as Defendants.  (Doc. No. 14 ¶ 14.)  Plaintiff's amended complaint names twenty-one Defendants, in addition to Trooper Justin Long, whom Plaintiff named in the original complaint.[1] Plaintiff's amended complaint contains the following eight causes of action: (1) negligence, (2) assault and battery, (3) false arrest, (4) abuse of process, (5) due process violations, (6) excessive force, (7) invasion of privacy/casting in a false light, and (8) intentional infliction of emotional

---

[1] The named Defendants are: Sergeant Gary L. Carter; Lieutenants Wendell B. Morris, Paul J. Gaspich, and Steven R. Junkin; Corporals Mark K. Rowlands, Douglas W. Howell, Dawn Ammons, Barry L. Brisner, William Allar, Jason Pelotte, Derek A. Koch, Blair Talijan, Matthew Tremba, James Olinger, and Jody Radziewicz; and Troopers Terrance W. Merante, Tandy Carey, Steven Farabaugh, Julius Grayer, William MacFarlane, Michael Lang, and Justin Long.  (See Doc. No. 14-1.)

distress.  (Doc. No. 14-1 at 28-38.)

## II. STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure governs the process for amending a pleading.  See Fed. R. Civ. P. 15.  Rule 15 provides that if a party seeks to amend its pleading more than twenty-one days after initially serving it, the party may do so "only with the opposing party's written consent or the court's leave."  Id.(a)(2).  However, the Court "should freely give leave when justice so requires."  Id.  The decision to grant or deny a motion for leave to amend falls "to the sound discretion of the district court."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).  The Court "may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."  Id. (internal citations omitted).  "[T]he mere passage of times does not require that a motion to amend a complaint be denied on grounds of delay," so long as the motion does not place "an unwarranted burden on the court . . . or unfair burden on" Defendants.  Id. at 273 (internal citations omitted).

## III. DISCUSSION

Defendants first argue that the Court should deny Plaintiff's motion to amend because "Plaintiffs completely fail to delineate which Defendants are being included in each Count." (Doc. No. 18 at 4.)  Additionally, Defendants assert that Plaintiff's motion to amend was filed with "undue" delay because it was evident on May 31, 2012, that Plaintiff intended to file a lawsuit against Corporal Ammons, but Plaintiff failed to name her in the original complaint.[2]

---

[2] Defendants' contention arises from their assertion that at the scene, Plaintiff's attorney Roger Laguna told Corporal Ammons over the phone that he intended to file a lawsuit, to which Corporal Ammons replied "Make sure you spell my name right."  (Doc. No. 18 at 2.)  The Court

(Id. at 8.)  Defendants also claim the amended complaint was filed with undue delay because in September 2013, Plaintiff's counsel received "voluminous documents from PSP which laid out in exact detail the different PSP troopers who were involved in the incident, and exactly what role they played during the attempt to arrest Gerald Thompson on the day of the incident," but Plaintiff did not name specific troopers in the initial complaint.  (Id. at 8-9.)

Plaintiff contends that her motion for leave to file an amended complaint was filed without undue delay, in good faith, and without prejudice to Defendants.  (Doc. No. 15 at 3.) Plaintiff argues that she did not file the amended complaint with undue delay, because Attorney Laguna attempted to obtain pre-complaint discovery from Defendants in order to name with specificity those individuals involved with the search, but Defendants failed to respond to the requests.  (Id. at 2 n.1.)  Further, Plaintiff argues that Defendants will not be prejudiced if the Court grants her motion to amend, because the case is in its early stages, formal discovery has not commenced, and discovery deadlines are still several months away.  (Id. at 5.)  Additionally, Plaintiff asserts that the amendments are not made in bad faith, in that John and Jane Does were originally named to ensure claims were not brought against improper Defendants, and amendments were only possible after Plaintiff reviewed approximately 350 pages of material provided by PSP the same month in which the initial complaint was filed.  (Id. at 5-6.)  Per Local Rule 15.1 for the Middle District of Pennsylvania, Plaintiff attached a "marked up" version of the amended pleading to her motion for leave to file an amended complaint.  (See Doc. No. 14-1.)

The Court will deny Plaintiff's motion for leave to file an amended complaint without

---

finds this fact, asserted by Defendants, insufficient to establish "undue delay."

prejudice because the Court finds that the amended complaint's lack of specificity as to which Defendants are named in each individual count would be prejudicial to Defendants' ability to file an answer.  The Court notes the following caveats: Plaintiff's motion was not made in bad faith, because the motion was made early in the proceedings, and within a reasonable amount of time after Plaintiff received the 350 page report from the PSP.  Additionally, Plaintiff's motion was not filed with undue delay, because it does not place "an unwarranted burden on the court . . . or unfair burden on" Defendants, considering the early nature of the proceedings.  Cureton, 252 F.3d at 273 (internal citations omitted).

Although Plaintiff attempts to clarify that the term "Defendants" refers to individuals who were part of the "First Attack Team,"[3] and "Second Attack Team,"[4] such shorthand leaves out three named Defendants – Lieutenant Junkin and Corporals Tremba and Radziewicz – and thus it is unclear to the Court which claims, if any, are asserted against these three Defendants. (See Doc. No. 14-1 ¶¶ 29, 51.)  Further, Counts IV, V, VI, and VIII of the amended complaint refer to both a singular "Defendant" and multiple "Defendants" who are not specifically identified, again making it impossible for the Court or Defendants to discern to whom Plaintiff is referring in these claims.  (See id. ¶¶ 97, 98-99, 102-13, 116-19, 125-28.)  The Court therefore finds that permitting Plaintiff to file the submitted amended complaint would prejudice Defendants in their ability to file an answer.  Accordingly, the Court will deny Plaintiff's motion

---

[3] The "First Attack Team" consists of Corporal Ammons and Troopers Long, Carey, Farabaugh, Grayer, and MacFarlane.  (See Doc. No. 14-1 ¶ 29.)

[4] The "Second Attack Team" consists of Sergeant Carter, Lieutenants Morris and Gaspich, Corporals Rowlands, Howell, Brisner, Allar, Pelotte, Koch, Talijan, and Olinger, and Troopers Merante and Lang.  (See id. ¶ 51.)

for leave to file an amended complaint without prejudice. An order consistent with this memorandum follows.