# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE THOMPSON, individually, and on behalf of her minor child, B.T., Plaintiffs | : : : : | No. 1:13-cv-02301 |
| v. | : : | (Judge Kane) |
| COMMONWEALTH OF PENNSYLVANIA STATE POLICE, et al., Defendants | : : : : | |

## MEMORANDUM

Before the Court is Defendants' motion to amend or correct (Doc. No. 17) their previous motion to disqualify Plaintiff Michelle Thompson's counsel, Roger Laguna (Doc. No. 16). Specifically, Defendants seek to remove paragraph 21 from their motion to disqualify because Defendants' counsel Timothy P. Keating is unable to locate or verify the source of the information contained therein. (Doc. No. 17 ¶ 10, 12; see also Doc. No. 16 ¶ 21.) The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will grant Defendants' motion to amend, and thus will deny Defendants' motion to disqualify as moot. Additionally, the Court will order Defendants to refile the motion to disqualify without the information contained in paragraph 21, and file a brief in support within five days of the date of this order.

## I. BACKGROUND

On May 31, 2012, Defendants the Commonwealth of Pennsylvania State Police ("PSP"), Pennsylvania State Police Special Emergency Response Team ("SERT"), Trooper Justin Long, and other PSP officers and SERT members arrived at Plaintiff Michelle Thompson's home in order to arrest her estranged husband, Gerald Thompson. (Doc. No. 1 ¶¶ 10-11.) On September

1

3, 2013, Plaintiff filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, wherein she alleged, inter alia, that Defendants' search for Mr. Thompson violated her, and her minor child B.T.'s, rights under the Fourth and Fourteenth Amendments to the United States Constitution. (See Doc. No. 1-2 at 29.) On September 5, 2013, the complaint was removed to this Court. (See Doc. No. 1.)

On March 24, 2014, Defendants filed a motion to disqualify Plaintiffs' counsel Roger Laguna on the ground that he is also a material fact witness. (Doc. No. 16.) Defendants contend that Mr. Laguna spoke to Plaintiff Michelle Thompson and troopers on the scene, including Trooper (now Corporal) Dawn Ammons, traveled to the scene after the incident concluded to take photographs of the property, and gave recorded statements to state police. (Doc. No. 16 ¶¶ 39-46.) In paragraph 21, Defendants asserted that Mr. Laguna said to then-Trooper Dawn Ammons, "Be careful little girl," when Trooper Ammons was at Plaintiff's home to arrest Mr. Thompson. (See Doc. No. 16 ¶ 21.) Defendants did not file an accompanying brief with the motion to disqualify, as required by Rule 7.5 for the Local Rules of the Middle District of Pennsylvania. See M.D. Pa. LR 7.5. However, four days after filing the motion to disqualify, Defendants filed a motion to amend their motion to disqualify, on the grounds that Attorney Keating could not verify the contents of paragraph 21. (See Doc. No. 17.) Plaintiffs oppose Defendants' motion to amend. (See Doc. No. 20.) Both parties subsequently filed additional supporting briefs, in which they set forth arguments on the merits of their respective positions regarding Defendants' motion to disqualify Mr. Laguna. (See Doc. Nos. 21, 22.)

II. DISCUSSION

In support of their motion to amend, Defendants suggest that, in the absence of a specific

rule outlining the considerations the Court should give in determining whether to grant a motion to amend a motion, the Court should seek guidance from Rule 15 of the Federal Rules of Civil Procedure, which provides the considerations for a motion to amend a pleading.  See Fed. R. Civ. P. 15.  (See also Doc. No. 17 at 3-4.)  Rule 15 advises that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Plaintiffs oppose Defendants' motion to amend on the following grounds: (1) the motion to disqualify is not a pleading per Rule 7 and Rule 15 of the Federal Rules of Civil Procedure; (2) were the Court to construe Defendants' motion to disqualify as a pleading whose amendment is governed by Rule 15, Defendants nonetheless have not met the Rule 15 standards; and (3) Defendants' motion to amend is moot because Defendants failed to file a brief in support of their motion to disqualify, and thus the Court should deem the motion withdrawn per Local Rule 7.5.[1]  (See Doc. No. 20 at 10-11.)

The Court will grant Defendants' motion to amend (Doc. No. 17) insofar as it seeks to remove paragraph 21 from the motion to disqualify (see Doc. No. 16 ¶ 21).  Although Plaintiffs correctly assert that Defendants' motion to amend is not a pleading per Rules 7 and 15 of the Federal Rules of Civil Procedure, the Court finds that Defendants should be allowed to amend their motion to remove paragraph 21, given that all parties appear to agree it contains unverified

---

[1] The Court also observes that Plaintiff's counsel Roger Laguna has vigorously stressed his belief that Mr. Keating's inclusion of the information in paragraph 21 was not in good faith.  (See Doc. No. 20 at 5-6.)  However, the Court will not consider Mr. Keating's motives here.  If Mr. Laguna believes grounds exist that would warrant moving for sanctions, he may do so, although per Rule 11(c)(2) of the Federal Rules of Civil Procedure, a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."  Fed. R. Civ. P. 11(c)(2).

3

allegations. An order consistent with this memorandum follows.