IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE THOMPSON, individually, and on behalf of her minor child, B.T., Plaintiffs | : : : : | No. 1:13-cv-02301 |
| v. | : : | (Judge Kane) |
| COMMONWEALTH OF PENNSYLVANIA STATE POLICE, et al., Defendants | : : : : | |

**MEMORANDUM**

Before the Court is Defendants' amended motion to disqualify Plaintiff's counsel Roger Laguna. (Doc. No. 27.) The Court previously granted Defendants leave to amend their disqualification motion in order to remove certain statements that Defendants were unable to corroborate. (Doc. No. 26.) The amended motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will deny Defendants' motion.

**I.  BACKGROUND**

This litigation concerns the May 31, 2012 search and alleged destruction of Plaintiff's home, carried out by Defendants[1] as part of the failed search for Plaintiff's husband. (Doc. No. 25 at 1.) The parties agree that Plaintiff's counsel, Roger Laguna, was involved in the events leading up to the search, though the degree of Mr. Laguna's involvement is in dispute. (Doc. No. 33 ¶ 10.) Defendants aver that when police arrived at Plaintiff's residence on May 31, 2012, Mr. Laguna advised her not to speak to the police and to refuse consent to a search of the

---

[1] Plaintiff has named as defendants several Pennsylvania State Police officers that she claims carried out the search of her home, as well as others that she believes occupy administrative and supervisory roles within the force. (See Doc. No. 32.)

1

premises. (Doc. No. 31 at 2.) Plaintiff, however, denies these allegations. (Doc. No. 33 ¶ 10.)

On September 3, 2013, Plaintiff filed her initial complaint with the Court of Common Pleas of Dauphin County, Pennsylvania, alleging constitutional and common law violations surrounding the destructive search of her home. (Doc. No. 25 at 1-2.) Defendants removed the case to this Court, where trial is currently scheduled for March 3, 2015. (Doc. No. 12.) Defendants first filed a motion to disqualify Attorney Laguna on March 24, 2014, and they filed this amended motion on August 8, 2014. (Doc. No. 27.)

The parties agree that Mr. Laguna may be called as a fact witness at trial, because he personally participated in the events predicating this lawsuit. (Doc. Nos. 31 at 8; 33 at 8.) Plaintiff assures the Court that Laguna will not act as trial counsel (Doc. No. 33 at 8-9), and Defendants seek Laguna's disqualification as to the remaining pre-trial proceedings only. (Doc. No. 31 at 11.)

## II. STANDARD OF REVIEW

Federal courts have the inherent authority to supervise attorneys practicing before them, including the power to disqualify an attorney when his or her representation violates a mandatory rule of ethics or professionalism. In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 160 (3d Cir. 1984). In this district, the Pennsylvania Rules of Professional Conduct provide some of the operative standards for attorney conduct. See M.D. Pa. L.R. 83.23.2. Courts view disqualification as a harsh remedy, and accordingly, district courts require a party seeking disqualification of its opponent's counsel to "clearly show that continued representation would be impermissible." See e.g., Billy v. Peiper, No. 11-cv-2577, 2013 WL 4083657, at *4 (M.D. Pa. Aug. 13, 2013) (citation and internal quotation marks omitted). A court considering

2

disqualification should "keep[] in mind any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." Mumma v. Bobali Corp., 382 F. App'x 209, 210 (3d Cir. 2010) (internal citations omitted).

## III. DISCUSSION

Defendants argue that Attorney Laguna must be disqualified, because Pennsylvania Rule of Professional Conduct 3.7 prohibits an attorney from acting as an advocate "at a trial" for which the attorney "is likely to be" called as a "necessary witness." Pa. Rules of Prof'l Conduct R. 3.7. Defendants argue that the attorney's continued representation "will inevitably taint the litigation and will interfere with developing meaningful discovery." (Doc. No. 31 at 11.) Defendants do not argue that any law requires the Court to disqualify Laguna, but rather, Defendants urge the Court in its discretion to disqualify him. (Id. at 10.)

Defendants are correct that no legal authority mandates Laguna's dismissal. Several courts and at least one Pennsylvania Bar Association committee have observed that Rule 3.7 regulates only trial conduct, and have uniformly found pre-trial practice to be beyond the rule's scope. See Robinson v. Hicks, No. 07-cv-1751, 2009 WL 1140093, at *2 (M.D. Pa. Apr. 28, 2009) (collecting cases); Pa. Bar Ass'n Comm'n on Leg. Eth. & Prof. Resp. Inf. Op. No. 96–15, 1996 WL 928125, at *1 (agreeing with the Philadelphia Bar Association that "Rule 3.7(a) does not require an attorney to withdraw prior to trial."). In fact, "even when opposing counsel has played a role in the underlying facts of a case, courts generally decline to consider disqualification under Rule 3.7(a) and Local Rule 43.1 prior to dispositive motions." Robinson, 2009 WL 1140093, at *2. The Court sees no reason to deviate from that norm in the present

3

case. Attorney Laguna participated in the events of May 31, 2012 and the aftermath, and it is true that he will act as both an advocate and a fact witness during discovery for this matter, if he has not done so already. Even so, the Court finds that Defendants have not established a violation of any operative rule of professional conduct. Rule 3.7 proscribes an attorney from acting as both an advocate and a witness in the same trial, except in extraordinary circumstances. Mr. Laguna assures the Court that he will not act as trial counsel, and the rule does not enforce any constraints on pre-trial proceedings. Accordingly, the Court will not order the disqualification of Plaintiff's counsel Laguna from participation in pre-trial proceedings.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will deny Defendants' motion to disqualify Plaintiff's counsel, Roger Laguna. An order consistent with this memorandum follows.